IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES EDWARD KING, GA-1926, )
    Petitioner, )
     )
    v. ) 2:12-cv-805
     )
JEROME WALSH, )
    Respondent. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    James Edward King, an inmate at the State Correctional Institution at Dallas has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    King is presently serving a three and a half to seven year sentence imposed following his conviction, by a jury, of theft by receiving stolen property, criminal conspiracy to commit burglary, and criminal conspiracy to commit theft by unlawful taking at Nos. CP-26-CR-1887 and 1888-2003 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on September 10, 2004.[1]

    An appeal was taken to the Superior Court in which the issues presented were:

1. Was the evidence presented insufficient to support a verdict of guilty on the charges?

2. Did the trial court err when it sentenced the appellant in the aggravated range, as there was no determination by the jury that the number of victims was sufficient to aggravate the sentence?[2]

On August 24, 2005 the judgment of sentence was affirmed.[3] Leave to appeal to the Pennsylvania Supreme Court was not sought.[4]

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibit 26 to the answer at p.6.
[3] See: Exhibit 26 to the answer.

1

On November 6, 2006 a post-conviction petition was filed and dismissed as untimely.[5] An appeal was taken to the Superior Court which ruled on June 2, 2008 that although petitioner's post-conviction petition was on its face untimely, the matter had to be remanded based on petitioner's allegation that he did not learn that counsel had not sought leave to seeks allowance of his direct appeal to the Pennsylvania Supreme Court until sometime after the one year period in which to seek post-conviction relief had expired.[6]

Following remand, post-conviction relief was again denied and an appeal taken to the Superior Court where the issues presented were:

1. Whether Appellant was denied due process of law, in that the PCRA court below failed to find that Appellant's PCRA petition seeking nunc pro tunc leave to file petition for allowance of appeal satisfied the PCRA time-bar exception?

2. Whether appellant was denied due process of law, in that the PCRA court failed to address and find that consecutive sentences for conspiracy on counts 1887 & 1888 violate Appellant's constitutional right against being placed in double jeopardy under the Fifth Amendment?

3. Whether appellant was denied his right to effective assistance of PCRA counsel; and/or access to the PCRA court, in that PCRA counsel failed to withdraw from the case, and/or the PCRA court erred in appointing attorney Mehalov on remand, in the face of a blatant conflict of interest?

4. Whether Appellant is entitled to have this case remanded back to the PCRA court, based on newly obtained evidence that the Commonwealth withheld evidence that the chief Commonwealth witness, Chad Edward Wolfe, was arrested and convicted subsequent [to] Appellant's trial for providing false information relating to Wolfe's trial testimony?[7]

On November 13, 2009, the Superior Court affirmed the denial of post-conviction relief as having been untimely sought and not subject to the after discovered fact exception to the time bar.[8] On June 30, 2010, a petition for allowance of appeal was denied by the Pennsylvania Supreme Court.[9]

---

[4] See: Exhibit 33 to the answer at p.2.
[5] Id.
[6] Id. at pp.3-4.
[7] See: Exhibit 17 to the answer at p.6.
[8] Id. at p.9.
[9] See: Exhibit 18 to the answer.

On July 29, 2010 King filed a second post-conviction petition in the Court of Common Pleas.[10] That petition was dismissed without a hearing on October 5, 2010. On appeal, the Superior Court noted that although once again the petition was facially untimely, King was now claiming that it was not until March 3, 2009, that he learned of Wolfe's conviction for false swearing and unsworn false statements; that this knowledge was gained during the pendency of his earlier post-conviction petition which did not become final until June 30, 2010, when leave to appeal was denied and hence the current petition filed on June 29, 2010 was timely under Pennsylvania law.[11] The Superior Court credited this claim and concluded that under the circumstance, the appeal was timely filed and addressed the issues raised by the petitioner, namerly:

1. The PCRA court erred in denying him relief on the basis of the Commonwealth's knowing offer of false testimony and the withholding of knowledge that a witness's pretrial statement was false.

2. The PCRA court erred in failing to find a witness's falsified statement was material constituted a strong prima facie showing that a miscarriage of justice occurred.

3. The PCRA court erred in failing to hold an evidentiary hearing concerning the newly discovered evidence of the witness's false pretrial statement.[12]

The Superior Court concluded that King's allegations were meritless and on October 13, 2011, affirmed the denial of post-conviction relief.[13] On April 12, 2012, a petition for allowance of appeal was denied.[14]

In the instant petition executed on June 4, 2012, King contends he is entitled to relief on the following grounds:

1. The Commonwealth presented false evidence [Chad Wolfe statement], evidence the Commonwealth has PROVED false, to the jury and further deceived the jury into believing the false evidence, thereby committing fraud on the court.

2. The Commonwealth sentenced the Petitioner to 2 consecutive sentences for 1 criminal conspiracy [i.e., criminal conspiracy to commit burglary and criminal

---

[10] See: Exhibit 1 to the answer at p.31.
[11] 42 Pa.C.S.A. §9545(b)(1).
[12] See: Exhibit 34 to the answer at pp.1-2, 4-5.
[13] See: Exhibit 34 to the answer.
[14] See: Exhibit 35 to the answer.

> conspiracy to commit theft should have been merged for purposes of sentencing as one conspiracy].[15]

The Superior Court, having concluded that under state law the latest petition was timely filed, it would appear that the petition here is likewise timely filed and may proceed.

The background to this prosecution is set forth in October 13, 2011 Memorandum of the Superior Court:

> King was arrested and charged with a variety of crimes arising from a series of burglaries and thefts occurring on or around January 23, 2003 in Fayette County, Pennsylvania. The management of the Route 21 Storage Shed Facility discovered multiple burglarized storage units with many pieces of property missing, additionally, a car dealership reported a missing pickup truck, which was later found burned.
>
> The Pennsylvania State Police interviewed Chad Wolfe while investigating the burglaries. In a written statement, Wolfe implicated himself and King in the burglaries. The state police arrested King and charged him with multiple counts of burglary, theft by unlawful taking, receiving stolen property, criminal mischief, and related criminal conspiracy charges. The case proceeded to trial on August 2-3, 2004.
>
> When Wolfe testified at trial for the Commonwealth, he recanted and implicated only himself in the burglaries. The Commonwealth presented Wolfe with his written pretrial statement incriminating King, but Wolfe denied memory of King's involvement, although he acknowledged that was his statement. The Commonwealth also offered the testimony of the state trooper who interviewed Wolfe to show that Wolfe was not coerced or offered a plea agreement in exchange for implicating King.
>
> The Commonwealth presented testimony of several individuals who had property stolen from their storage units at the Route 21 Storage facility. One witness testified that his Lincoln Welding Machine had been stolen, while a second witness testified that he purchased the same Lincoln Welding Machine from King in the winter of 2003. Further, the state trooper who interviewed King testified that King, upon reading the affidavit of probable cause, spontaneously said that the document overstated the number of items taken and that Wolfe sold the items taken.[16]

After this factual recitation, the Superior Court further set forth the subsequent events which developed as a result of Wolfe's testimony:

---

[15] See; Petition at pp.3,5.
[16] See: Exhibit 34 to the answer at pp.2-3.

Subsequent to Kings sentencing on July 21, 2005, the Commonwealth charged Wolfe with false swearing in official matter and unsworn falsification to authorities. August 2, 2004 was the offense date attached to the charges [i.e. the day petitioner's trial commenced]. On September 27, 2005, Wolfe pled guilty to the charges and, on November 8, 2005, he received a sentence of 3-24 months' incarceration.[17]

The initial issue for consideration is whether or not the petitioner has exhausted his state court remedies on the two issues which he seeks to raise here.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

---

[17] Id. at pp.3-4.

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855 (2010).

Petitioner's first contention is that he is entitled to relief on the grounds that during his prosecution, the Commonwealth knowing presented false evidence in the form of the statement of Wolfe. The record is clear that at trial, Chad Wolfe was called upon to testify as a prosecution witness (TT. 8/2-3/2004 pp. 89-108).[18] Wolfe testified that he had pled guilty to the same charges which were pending against the petitioner (TT.8/2-3/2004 pp.89-90); that he did not have any recollection about writing a statement about the events in question (TT. 8/2-3/2004 pp.

---

[18] The trial transcript is Exhibit 8 to the answer.

91, 94); that he had no recollection about anyone acting in concert with him (TT.8/2-3/2005 p. 90,95); that the statement which was produced for him and which he wrote was untrue (TT.8/2-3/2004 p. 92); that he had no recollection of who acted with him in committing the crimes (TT.8/2-3/2004 p. 93) and that while at the time he entered his plea he related that the petitioner had acted with him, that testimony was false (TT.8/2-3/2004 p. 97-98,100).

Trooper James A. Pierce testified that he interviewed Wolfe in July 2003 (TT.8/2-3/2004 p.117); that no promises were made to Wolfe but he was advised that if he cooperated the fact of his cooperation would be made known to the district attorney (TT. 8/2-3/2004 pp.117-119); that Wolfe provided a written statement and appeared to clearly remember events (TT. 8/2-3/2004 P.118,119); and that at the time of his arrest the petitioner advised the police that the list of stolen items in the criminal complaint was inaccurate and denied that they had stolen all the items listed (TT.8/2-3/2004 p.120).

Trooper Scott A. Krofcheck also testified that after the petitioner reviewed the criminal complaint he volunteered that the items they stole were sold by another individual and stated that the listing of items stolen in the criminal complaint was inaccurate (TT.8/2-3/2004 p.85-87) but that the petitioner never admitted stealing or selling the items (TT.8/2-3/2004 p.88).

There is nothing in the record which would suggest that the prosecution was aware of Wolfe's recantation prior to his testimony at petitioner's trial. At trial, the Commonwealth presented testimony from the arresting officers which contradicted Wolfe's trial testimony and thus presented a credibility issue for resolution by the factfinder. Cavazos v. Smith, 565 U.S. 1 (2011) Here, the jury resolved this matter adversely to the petitioner.

King also argues that the fact that Wolfe was subsequently convicted of false swearing in official matters and unsworn falsification to authorities entitles him to relief here. As the Superior Court noted, such

> Evidence that Wolfe was convicted of falsely testifying [at petitioner's August 2, 2004 trial] would not change the outcome of King's trial, at least not in a manner favorable to King. The evidence could only be used to impeach Wolfe after he testified in favor of King. Evidence of Wolfe's conviction does not justify granting King relief because it would not have changed the outcome of the trial and it was solely impeachment evidence that King discovered.[19]

---

[19] See: Exhibit 34 to the answer at p.6.

This conclusion clearly demonstrates that the credibility issue arose at trial when Wolfe's testimony was contrasted with his prior statements to the police and petitioner's own admissions to the police. The fact that Wolfe was subsequently convicted of falsely testifying has no bearing on the petitioner's trial since his conviction revolved around a credibility determination which was resolved adversely to him. Accordingly, this claim does not provide a basis for relief here.

Petitioner's final argument is that the two charged conspiracies should have merged for sentencing purposes. This issue was raised as King's second issue in his first post-conviction appeal. The Superior Court noted that it had previously remanded the matter to the trial for a determination of whether his post-conviction petition was timely filed in light of King's claim that he had been unaware of the fact that counsel had not filed a timely petition for allowance of appeal. Citing to the opinion of the trial court, the Superior Court observed:

> Since we find the testimony of Attorney Zerega [trial counsel] to be credible, accordingly we find that [Appellant] has been unable to sustain his burden and is, therefore, unable to avail himself of the exception to the PCRA timing requirement found at 42 Pa.C.S.A. § 9545(b)(1)(ii). He failed to establish by credible evidence that prior to the expiration of one year plus thirty days from the affirming of his judgment of sentence, he was not aware of the fact that Attorney Zerega did not file a petition for allowance of appeal to the Supreme Court. Further, as is required by 42 Pa.C.S.A.§ 9545(b)(1)(ii), [Appellant] failed to establish that this fact "could not have been ascertained by the exercise of due diligence." His own testimony indicates that Attorney Zerega represented him on multiple criminal cases within this time frame. Due diligence would have required [Appellant] to simply inquire of Attorney Zerega as to whether or not she filed a petition for allowance of appeal. Thus, in accordance with these findings, we find that [Appellant] did not timely file his pro se PCRA petition and has failed to establish an exception to the timing requirements contained in the PCRA.[20]

As a result the Superior Court concluded that King had failed to establish his claimed after discovered fact exception to the time bar and that his first post-conviction petition was subject to dismissal as untimely.[21]

In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

---

[20] See: Exhibit 17 at p.9.
[21] Id. at pp.9-10.

demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

The petitioner has failed to make such a showing, and for this reason his second issue has not been properly presented to the courts of the Commonwealth in a timely manner and no further consideration of this issue is warranted here. Additionally, we observe that this issue was not raised or addressed in King's second post-conviction petition.

Thus, the petitioner has failed to demonstrate that his conviction and sentence were secured in a manner that was contrary to clearly established federal law or involved and unreasonable application of clearly established federal law as required by 28 U.S.C. §2254(d)(1) and he is not entitled to relief here. Accordingly, the petition of James Edward King for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 21st day of September, 2012, for the reasons set forth in the foregoing Memorandum, the petition of James Edward King for a writ of habeas corpus (ECF #2) is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge